UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

FRANK LEONARD WHEATLEY, JR.,       )
                                   )
          PLAINTIFF,               )
                                   )
vs.                                )     CASE NO. 16-CV-698-FHM
                                   )
NANCY A. BERRYHILL, Acting         )
Commissioner of the Social Security)
Administration,                    )
                                   )
          DEFENDANT.               )

## OPINION AND ORDER

Plaintiff, Frank Leonard Wheatley, Jr., seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Frank Leonard Wheatley, Jr.'s application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Lantz McClain was held April 6, 2015. By decision dated June 24, 2015, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 14, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 48 years old on the alleged date of onset of disability and 51 on the date of the denial decision. Plaintiff has his high school diploma and has attended some college, technical, and vocational schools. His past work experience includes warehouse worker and call center billing clerk. [R. 20, 50]. Plaintiff claims to have become disabled as of October 1, 2012 due to limited use of shoulders, hands, and leg. [R. 151].

## The ALJ's Decision

The ALJ found that Plaintiff has severe impairments relating to status post left ankle fracture, left fibular fracture, left finger fractures, multiple rib fractures, right elbow dislocation, status post dorsal capsulotomy and tenolysis to left little finger, osteoarthritis of the right shoulder, status post hardware removal in left ankle, degenerative disc disease, and polyarthritis. [R. 11]. The ALJ found Plaintiff's alleged depression to be non-severe.

2

[R. 13]. The ALJ determined that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), except only occasional stooping, kneeling, crouching, crawling, and climbing of stairs; frequent balancing; and avoid concentrated exposure to extreme cold, wetness (work in an office like a law office), vibration, and hazards. [R. 15]. The ALJ determined that Plaintiff was able to perform his past relevant work as a call center billing clerk. [R. 20]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts the ALJ committed reversible legal error by failing to: 1) properly evaluate the opinion of consultative psychologist, William L. Cooper, Ph.D.; and 2) failing to consider Plaintiff's allegedly non-severe mental impairments throughout the sequential evaluation process. [Dkt. 12, p. 6].

## **Analysis**

A consultative psychological examination was performed by Dr. Cooper on May 11, 2015. Plaintiff reported experiencing anxiety and depression since his motorcycle accident in October 2012. A mental status examination revealed Plaintiff spoke clearly, adequately expressed his thoughts, and although he would veer off topic his speech was well-organized. Dr. Cooper noted that Plaintiff did not appear highly depressed although the content of his speech suggested moderate depression. His memory and concentration were fair. Dr. Cooper completed a Medical Source Statement opining Plaintiff had a

3

moderate limitation in his ability to respond appropriately to usual work situations and to changes in a routine work setting. All other areas of mental functioning were rated as mild. The ALJ gave great weight only to Dr. Cooper's opinion that Plaintiff had mild limitations in mental functioning noting that Plaintiff's daily activities are consistent with a mild limitation due to depression. [R. 12, 525-29].

Plaintiff argues that the ALJ gave great weight to Dr. Cooper's opinions reflecting Plaintiff's mild limitations but failed to describe the weight accorded to his moderate limitations. [Dkt. 12, p. 8-9]. The ALJ noted that Plaintiff did not allege disability due to depression, nor was there evidence he sought or received mental health treatment. Further, Plaintiff's alleged depression could produce some of the alleged symptoms and detract to some degree from the claimant's optimal functionality, however, there is no indication of a significant impact on his daily activities/abilities and overall employability. The ALJ determined, "[t]he pertinent objective medical findings do not support the presence of mental problems or restrictions of disabling proportions, and are unremarkable for the kind of behavioral cognitive/communicative, mood, or other mental status abnormalities that would indicate the presence of a seriously limiting mental disorder. [R. 13]. Further, the ALJ specifically stated the "residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." [R. 14]. The ALJ concluded that based upon the totality of the evidence, Plaintiff's medically determinable mental impairment of major depression disorder versus a mood disorder versus an adjustment disorder with depressed mood does not cause more than a minimal limitation in Plaintiff's ability to perform basic mental work activities and was therefore non-severe. [R. 13].

Although the ALJ did not specifically accord weight to or state that he was rejecting Dr. Cooper's moderate limitations, the decision clearly showed that those limitations were considered and then rejected. The ALJ's failure to specify the weight given to Dr. Cooper's medical opinion pertaining to his moderate limitations is not cause for reversal of the decision. Review requires the court to use common sense, not technical perfection, as its guide. *Keyes-Zachary v. Astrue,* 695 F.3d 1156 (10th Cir. 2012). The ALJ's citation to the medical evidence satisfies the requirement that the ALJ's decision be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to State agency medical or psychological consultant's medical opinion and the reasons for that weight. 20 C.F.R. § 404.1527.

Plaintiff also argues that the ALJ failed to provide reasons for implicitly rejecting Dr. Cooper's moderate limitations when assessing Plaintiff's RFC. [Dkt. 12, p. 9-10]. In assessing the Plaintiff's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe. See 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). The ALJ is not permitted to simply rely on his finding of non-severity as a substitute for a proper RFC analysis. See Social Security Ruling (*SSR*) 96-8p, 1996 WL 374184, at *4 (July 2, 1996). In assessing the RFC, the adjudicator must consider only limitations and restrictions attributable to medically determinable impairments. However, the determination of RFC is an administrative assessment, based upon all of the evidence of how the claimant's impairments and related symptoms affect his ability to perform work related activities. See *SSR* 96-5p, 1996 WL 374183, at *2, *5.

Plaintiff contends that there is sufficient evidence to support mental limitations in the RFC. [Dkt. 12, p. 13]. The court does not agree. At step two, the ALJ performed the

PRT and found Plaintiff had mild restrictions in activities of daily living, noting Plaintiff home schooled his son, paid bills, managed money/budget, and did house work as able. Plaintiff had no problem with personal care, prepared simple meals, did laundry, dusted, and swept. [R. 13]. The ALJ found Plaintiff had mild difficulties in social functioning because he attended church, went to Bible study, had family over for visits, and went to doctor appointments. *Id*. The ALJ also found that Plaintiff had mild difficulties in the area of concentration, persistence, or pace again because Plaintiff home schooled his son, paid bills, managed money/budget, and could handle his own money. *Id.* Plaintiff had no episodes of decompensation.

The ALJ noted Plaintiff testified that he was currently receiving treatment for PTSD, although there was no evidence Plaintiff sought or received treatment from a mental health professional or that he takes medication for depression. [R. 16]. The ALJ also noted that Plaintiff indicated he received weekly pastoral counseling. [R. 19]. Based upon the totality of the evidence, the ALJ determined that the objective medical findings did not support the presence of mental problems or restrictions of disabling proportions, and were unremarkable for the kind of behavioral, cognitive/communicative, mood, or other mental status abnormalities that would indicate the presence of a seriously limiting mental disorder. [R. 12-13]. The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all of the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ. See 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946. It is clear from the record that the ALJ performed the proper analysis under step four, and that his findings are specific and supported by substantial evidence. Thus, the court finds the ALJ considered Plaintiff's non-

severe mental impairments throughout the sequential evaluation process, performed the proper analysis under step four, and that substantial evidence supports the RFC findings of the ALJ.

## **CONCLUSION**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 22nd day of November, 2017.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE